UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN BASKERVILLE,<br><br>                    Plaintiff,<br><br>          v.<br><br>P.O. TRICIA HUNTER, P.O. OMARI ROBERTS, and P.O. MELISSA BROWNE,<br><br>                    Defendants. | **MEMORANDUM & ORDER**<br>21-CV-04582 (HG) (JRC) |

**HECTOR GONZALEZ**, United States District Judge:

Currently pending before the Court is Defendants' Parole Officer Tricia Hunter, Parole Officer Omari Roberts, and Parole Officer Melissa Browne (collectively, "Defendants") motion to dismiss for failure to substitute a proper plaintiff pursuant to Federal Rule of Civil Procedure 25. For the reasons set forth below, Defendants' motion is granted.

## BACKGROUND

On May 27, 2021, Plaintiff Martin Baskerville filed in Kings County Supreme Court a civil rights action pursuant to 42 U.S.C. § 1983 asserting claims of excessive force, denial of the right to a fair trial, malicious abuse of process, and failure to intervene. ECF No. 1-1 (Complaint). On August 13, 2021, Defendants removed the action to this Court. ECF No. 1. On March 4, 2022, Plaintiff passed away. ECF No. 11 (Suggestion of Death).

## PROCEDURAL BACKGROUND

On November 5, 2021, the Court issued a case management schedule. On February 4, 2022, Plaintiff reported having served discovery demands. ECF No. 10. On March 15, 2022, Defendants filed a suggestion of Plaintiff's death ("Suggestion of Death"). ECF No. 11.

Defendants subsequently filed status reports noting that they were discussing next steps with Plaintiff's former counsel.  *See* ECF Nos. 12, 13.  On June 6, 2022, Defendants reported that Plaintiff's former counsel had been in contact with Plaintiff's daughter and provided her contact information for the purposes of serving the Suggestion of Death.  ECF No. 13.  On July 23, 2022, Defendants served the Suggestion of Death on Plaintiff's daughter by delivering and mailing the Suggestion of Death to the address provided by Plaintiff's former counsel.  ECF Nos. 14 (Affidavit of Service), 15 (Status Report).  On December 6, 2022, Defendants indicated that they intended to file a motion to dismiss in light of Plaintiff's daughter's failure to file a motion for substitution.  ECF No. 16 (Status Report).  On December 7, 2022, the Court set a schedule on Defendants' motion to dismiss:  Defendants' motion to dismiss was due by January 6, 2023, Plaintiff's opposition was due by January 27, 2023, and replies, if any, were due by February 3, 2023.  On January 6, 2023, Defendants filed their motion to dismiss and a certificate of service noting that the motion to dismiss was served on Plaintiff's daughter by first class mail.  ECF Nos. 17–20.  As of February 6, 2023, Plaintiff's daughter has failed to file a motion for substitution or otherwise respond.

## LEGAL STANDARD

Federal Rule of Civil Procedure 25 provides that if a party dies, the Court may order substitution of the proper party, but a motion for substitution must be made "by any party or by the decedent's successor or representative . . . [w]ithin 90 days after service of a statement noting the death."  Fed. R. Civ. P. 25(a)(1).  Failure to file the motion for substitution within 90 days requires the dismissal of the action.  *Id.* ("If the motion is not made within 90 days . . . the action by or against the decedent must be dismissed.").  "Courts routinely dismiss cases with prejudice where there is a failure to comply with the time period specified by Rule 25(a)."  *Nicosia v. U.S.*,

No. 11-cv-5069, 2014 WL 2957496, at *2 (E.D.N.Y. July 1, 2014); *see also Merisier v. Comm'r, Soc. Sec. Admin.*, No. 11-cv-1168, 2012 WL 3230449, at *2 (E.D.N.Y. Aug. 6, 2012) ("Although courts are generally more lenient with *pro se* litigants, the ninety-day limitation of Rule 25 is still strictly applied.").

However, pursuant to Federal Rule of Civil Procedure 6(b), a party "may move . . . for an extension of time after the time has expired [to file a motion for substitution] if the party failed to act because of excusable neglect." *Nicosia v. U.S.*, 2014 WL 2957496, at *2 (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 25 Advisory Committee Notes ("The motion may not be made later than 90 days after the service of the statement [of death upon the record] unless the period is extended pursuant to Rule 6(b), as amended."); Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). Nevertheless, "if no motion is made for an extension under Rule 6(b), it is deemed waived and the action must be dismissed." *Nicosia*, 2014 WL 2957496, at *2.

## DISCUSSION

Defendants argue that Rule 25(a)(1) requires dismissal of Plaintiff's action because more than 90 days have passed since service of the Suggestion of Death and no party has moved to substitute for him. ECF No. 19 at 4–10.

The Court agrees that Plaintiff's case must be dismissed. It has been over six months since Plaintiff's daughter was served with the Suggestion of Death and no motion for substitution has been filed. While the Court has discretion to extend the 90-day period for filing a motion for substitution, such an extension is not warranted here. *See Nicosia*, 2014 WL 2957496, at *3; *see*

3

*also* Fed. R. Civ. P. 6(b) (permitting the court to extend the time for moving where good cause is shown).  Plaintiff's counsel indicated that he had been in contact with Plaintiff's daughter as early as June 6, 2022.  ECF No. 13.  Plaintiff's daughter was subsequently served with the Suggestion of Death by mail and personal service on July 23, 2022.  ECF No. 14.  Plaintiff's daughter was also served with Defendants' motion to dismiss on January 6, 2023.  ECF No. 20.  Plaintiff's daughter has not shown good cause warranting an extension:  she has not provided an explanation for the delay, or any other indication that she is interested in moving forward with Plaintiff's case.  While the Court is sympathetic to Plaintiff's daughter's loss, the Court does not find good cause to extend the time period further than six months since she was served with the Suggestion of Death.  Accordingly, Defendants' motion to dismiss is granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and Plaintiff's claims are dismissed with prejudice.  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

                                                */s/ Hector Gonzalez*
                                                  HECTOR GONZALEZ
                                                  United States District Judge

Dated: Brooklyn, New York
       February 6, 2023